HENRY SHORTER,

        Petitioner,

        v.                  CAUSE NO. 3:18-CV-728-RLM-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Henry Shorter, a prisoner without a lawyer, filed a motion to amend his habeas corpus petition together with a proposed amended petition. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course under some circumstances. *See* Mayle v. Felix, 545 U.S. 644, 654 (2005) (Rule 15 is applicable to habeas corpus cases). None of those circumstances are applicable here, so he can only amend with the consent of the respondent or by leave of court as provided by Rule 15(a)(2). Because he doesn't have the respondent's consent, Mr. Shorter may only amend with leave of court.

Leave to amend should be freely granted when justice so requires, but the court has broad discretion to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). This is Mr. Shorter's first attempt

1

to amend and there is no evidence in the record of dilatory motive. The request was filed eight months after the initial petition and after the respondent had responded to the petition. An amendment will require an additional response to be filed, but that doesn't unduly prejudice the defendants if the amendment is otherwise warranted.

Mr. Shorter is now proceeding on four grounds. In his original petition, Mr. Shorter asserted that his trial counsel was ineffective for failing to properly cross-examine Mr. Cross, a key witness; (2) that his appellate counsel was ineffective for failing to invoke Indiana's *Davis-Hatton* procedure to postpone the direct appeal until after the post-conviction relief petition is heard and, according to Mr. Shorter, would have permitted counsel to preserve free-standing claims including a challenge to the habitual offender enhancement; (3) that the post-conviction court erred when it ruled against Mr. Shorter, and (4) that there was insufficient evidence to establish accomplice liability in the absence of Mr. Cross's testimony, which Mr. Shorter claims should be disregarded.

Mr. Shorter enumerates three separate grounds in his amended petition, although each contains more than one ground for relief. In ground one, Mr. Shorter alleges that his trial counsel was ineffective for allowing him to plead guilty to being a habitual offender when he wasn't eligible for the habitual offender enhancement or, alternatively, that he was only eligible for a ten year enhancement based on his felony. He also alleges in ground one that his trial

counsel was ineffective for not deposing Mr. Cross before trial and not challenging Mr. Cross's mental health. Mr. Shorter alleges in ground two that his appellate counsel was ineffective for not raising his ineligibility for the habitual offender enhancement, not seeking transfer to the Indiana Supreme Court, and abandoning him at a key juncture such that he couldn't seek further review of his claims on direct appeal. In ground three, Mr. Shorter alleges that his post-conviction relief counsel was ineffective for not challenging trial counsel's ineffectiveness in urging him to stipulate to the habitual offender enhancement and in not challenging the mental health of Mr. Cross.

The principles of "relation back" embodied in Federal Rule of Civil Procedure 15 apply to habeas corpus cases. <u>Mayle v. Felix</u>, 545 U.S. 644, 654 (2005). Therefore, Mr. Shorter can't add new claims after the expiration of the one-year period of limitation unless they relate back to claims that were timely presented. It's undisputed that the one-year limitations period had expired when Mr. Shorter sought leave to amend, so he may only amend if the proposed amended petition related back to his original timely-filed petition.

The respondent argues that the amendment should be denied because it includes new grounds for relief supported by different facts from those in the original petition. The respondent indicates that, "[w]hile the original petition claimed multiple instances of ineffective assistance of counsel, none of them related to the habitual offender enhancement." ECF 25 at 4. This is mistaken.

Mr. Shorter originally asserted that his appellate counsel had defaulted several meritorious arguments on appeal, including an argument that the habitual offender enhancement didn't apply. He further argued, in his memorandum submitted as an exhibit to his petition, that he "should not have been allowed to admit to a habitual offender enhancement." While Mr. Shorter's argument wasn't set forth as clearly in his original petition as it is in his proposed amended petition, the factual allegations are similar enough that his current claims about ineffective assistance of counsel regarding the habitual offender enhancement relate back.

The respondent doesn't address Mr. Shorter's addition of the claims that his trial counsel was ineffective in not deposing Mr. Cross or challenging Mr. Cross's mental health, or that his post-conviction relief counsel should have challenged the mental health of Mr. Cross. But these allegations also share a factual basis with the allegations in the original petition, in which Mr. Shorter argued that counsel was ineffective in impeaching Mr. Cross, whose statements about the crime had varied significantly over time. Now, he argues that trial counsel was ineffective in not deposing Mr. Cross before trial to further explore these discrepancies or exploring whether the discrepancies were the result of mental illness, namely hebephrenic schizophrenia. These claims are based on the same factual allegations, so they relate back.

The respondent also urges the court to deny the amendment because it was procedurally defaulted. Mr. Stewart concedes that the issues raised in his petition weren't exhausted in state court, but the Supreme Court has recognized an exception in which ineffective assistance of counsel at the initial level of post-conviction proceedings can constitute cause for a procedurally defaulted claim of ineffective assistance of trial counsel. *See* <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013); <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). The respondent's argument doesn't adequately address whether Mr. Shorter's procedural default can be excused under *Martinez* and *Trevino*. Similarly, respondent suggests that Mr. Shorter's allegation that the habitual offender enhancement shouldn't have applied to him lacks merit, but the argument is cursory and undeveloped. *<u>Vaughn v. King</u>*, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties.") Accordingly, the court will allow the amendment and direct the parties to further brief the issues set forth in the amended petition.

For this reason, the court:

(1) GRANTS the motion to amend (ECF 16);

(2) DIRECTS the clerk to file the proposed amended petition (ECF 16-1);

(3) ORDERS the respondent to SHOW CAUSE why the amended petition should not be granted on or before **May 11, 2020**, addressing both procedural default and the merits of each of Mr. Shorter's claims; and

(4) GRANTS Mr. Shorter until **July 17, 2020,** to file a traverse.

SO ORDERED on March 3, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT